IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES COPPEDGE & KRISHA JOHNSON, COPPEDGE,<br><br>Plaintiffs,<br><br>v.<br><br>US BANK NATIONAL ASSOCIATION, as Trustee for BAFC 2007-3 assignee of Mortgage Electronic Registration System, Inc., as nominee For American Home Mortgage,<br><br>Defendants. | Civil Action No. 12-cv-00051-GMS |

## MEMORANDUM

### I. INTRODUCTION

The case arises out of a proceeding brought by the Plaintiffs, James Coppedge and Krishna Johnson Coppedge (the "Plaintiffs") in Delaware Superior Court against the Defendant US Bank National Association (the "Defendant"). (D.I. 1 at 1.) In that proceeding instituted on June 17, 2011, the Plaintiffs sought the discharge of their debts associated with their mortgage held by Defendant. (*Id.*) On September 15, 2011, the Delaware Superior Court granted summary judgment to Defendant because Plaintiffs' objections to the Defendant's Motion for Summary Judgment did not create a dispute of fact or undermine the Defendant's legal conclusions. (*Id.* at 58.) Plaintiffs appealed to the Delaware Supreme Court, which denied Plaintiffs' appeal on December 19th, 2011 and then denied the Plaintiffs' Motion for Reargument on January 10th, 2012, stating that "it is manifest on its face that the appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there

was no abuse of discretion." (*Id.* at 59.) The case before the court stems from the February 2011 foreclosure action filed by Defendant against Plaintiffs. (D.I. 1 at 46.) The mortgage in question was entered in to on February 13, 2007. The Defendant sought "the principal sum of the amount remaining on the Mortgage with interest from September 1, 2008 together with reasonable counsel fees, late charges, and costs." (*Id.* at 47.)

On January 18, 2012, Plaintiffs filed a "Permission to Appeal Order from the Supreme Court of Delaware and Stay Injunction Pending Appeal." (D.I. 1 at 1.) They sought to have this court deny with prejudice the Defendant's Motion for Writ of Execution and Ejection from the property at 52 Barkley Court, Dover, Delaware made in Delaware State Court. (*Id.* at 3.) The Plaintiffs allege that the Defendant's failed to state a claim upon which relief could be granted in the Delaware Superior Court and that the Defendant failed to produce the "Original Note to Show Proof Claim." (*Id.* at 2.) Presently before the court is the Defendant's Motion to Dismiss the action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.I. 17.) For the reasons that follow, the court will grant the defendant's motion to dismiss without prejudice.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failing to state a claim upon which relief may be granted. For a complaint to survive a Rule 12(b)(6) motion, the court "requires more than labels and conclusions," or "formulaic recitation of a cause of action's elements." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The complaint "must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under *Twombly*, the court engages in a two-step analysis of the plaintiff's complaint to determine whether dismissal is appropriate. *See Iqbal*, 556 U.S. at 679.

2

First, the court must separate the factual and legal elements of a claim. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court accepts all well-pleaded facts as true but may disregard any legal conclusions. *Id.* at 210–11. "The Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context," however, so conclusory factual statements may be struck from consideration. *See Iqbal*, 556 U.S. at 686. After paring the complaint down to the non-conclusory factual allegations and taking those allegations as true, the court must then determine whether the facts permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. As long as the claim is not implausible, the court should not grant a Rule 12(b)(6) motion. *See Id.*

## IV. DISCUSSION

A. Failure to State a Claim Upon which Relief May Be Granted.

The Defendant argues that the Plaintiffs' complaint should be dismissed because a United States District Court cannot review the decisions of a state's highest court. (D.I. 16 at 3.) The Defendant urges that "only the United States Supreme Court has jurisdiction to review the decision of a state's highest court." (*Id.*) As a result, the Defendant argues that the Plaintiffs have failed to state a claim for which relief can be granted by this court.

The Plaintiffs' response never addresses the jurisdictional question. Instead, the Plaintiffs assert that their mortgage debt has been discharged. (D.I. 17 at 2.) Plaintiffs further argue that the "debt collector [Geoffrey G. Grivener, Defendant's attorney] has failed to produce a contract between us and the alleged bank ..." (*Id.* at 4.) In addition, the Plaintiffs allege various violations of their constitutional rights resulting from Mr. Grivener's actions on behalf of US Bank. (*Id.* at 3 and 10.)

3

Title 28 of the United States Code Section 1257(a) provides that "final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court ..." 28 USC §1257(a) (2012). Interpreting this statute, federal courts have applied the so-called Rooker-Feldman Doctrine to limit review of state court decisions to the Supreme Court through its appellate jurisdiction; as "federal district courts are courts of original jurisdiction" they "have no authority to review final judgments of a state court in judicial proceedings." *Coppedge v. Beaumont*, 2010 WL 2382944, at *3 (D. Del. June 11, 2010). Thus, unless a separate federal question is raised, all federal courts but the Supreme Court lack jurisdiction). The Rooker-Feldman Doctrine explicitly precludes district courts from hearing such cases. *Id.*

The court agrees with the Defendant that the Plaintiffs are "state-court losers complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005) ("Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." Indeed, Plaintiffs should know that district courts cannot hear such claims, as this court dismissed a similar attempt by one of the Plaintiffs, in 2010, to have the district court review a Pennsylvania state court's foreclosure proceedings on a Pennsylvania property formerly owned by one of the Plaintiffs. *See Coppedge v. Beaumont*, 2010 WL 2382944 at *3 ("Allowing Coppedge's claim to proceed against the defendants would allow him to use the federal courts to appeal a state court judgment and, thus, would run afoul of the *Rooker-Feldman* doctrine"). The only difference between the cases is the

4

location of the property. The necessary result remains the same; the court cannot hear Plaintiffs' claim. *Id.* Thus, the court must grant Defendant's 12(b)(6) motion to dismiss.

B. Failure to Prosecute.

In addition, the court notes that the Plaintiffs failed to prosecute their case. Federal Rule of Civil Procedure 41(b) permits a defendant to move for dismissal if a plaintiff fails to prosecute an action. To determine whether dismissal is appropriate, courts will weigh six factors, known as the *Poulis* factors. *See Stubbs v. Bank of Am. Corp.,* 283 F.R.D. 218, 221 (D. Del. 2012) (citing *Poulis v. State Farm Fir and Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984)). The six *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* A court may appropriately dismiss the case even if all the *Poulis* factors are not met. *Id.* (finding dismissal appropriate when three *Poulis* factors were satisfied).

The first *Poulis* factor is automatically satisfied when a plaintiff represents himself. *Id.* To find prejudice, a plaintiff's failure to prosecute must interfere with the defendant's trial preparation efforts. *Id.* A court may find 'willful conduct' if the plaintiff engages in "intentional or self-serving behavior." *Id.* Further, courts have generally found that it is inappropriate to impose sanctions other than dismissal on *pro se* plaintiffs. *Id.*

In this case, the first, fifth, and sixth *Poulis* factors are satisfied. As the Plaintiffs are *pro se* they are, therefore, *per se* responsible for maintaining their action. (D.I. 17 at 1.) Further, the

Plaintiffs appear to have limited financial resources, simultaneously facing foreclosure and bankruptcy. (D.I. 16 at 3; D.I. 17 at 3; D.I. 18 at 2.) Rather than inducing Plaintiffs to speed up the prosecution of their case monetary sanctions may serve only a punitive purpose. Finally, the case lacks any merit as it is a claim barred by the *Rooker-Feldman* doctrine. *See Coppedge*, 2010 WL 2382944, at *3. Three of the *Poulis* factors are satisfied. As a result, the court will dismiss Plaintiffs' claim for failure to prosecute. *See Stubbs,* 283 F.R.D. 218, 221.

C. Improper Service of Process.

Finally, the Plaintiffs failed to properly serve the summons and complaint on the Defendant. Federal Rule of Civil Procedure 4(m) provides that a summons must be served on a defendant within 120 days after a plaintiff files a complaint. Service must either be personal or on a party authorized to receive process on the defendant's behalf. *See Petrucelli v. Bohringer and Ratizinger*, 46 F.3d 1298, 1304 (3d Cir. 1995); FED. R. CIV. P. 4(e). Courts have found that service on an unauthorized party is tantamount to a failure to serve the party. *See Petrucelli*, 46 F.3d at 1304.

The 120-day limit will be extended for "an appropriate period" if a plaintiff "demonstrates good cause for the failure to timely serve the defendant." *Id.* at 1305; *Himmelreich v. United States*, 285 Fed. Appx. 5, 7 (3d Cir. 2008). Good cause will not be found if the attempt at timely service was "half-hearted and dilatory." *McCurdy v. Am. Bd. Of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1988). Even if there is no showing of good cause, other factors may justify an extension, such as change of address, a showing of diligence, or a reasonable belief by a *pro se* plaintiff that process was properly served. *See Himmelreich*, 285 Fed. Appx at 7-8. If process is not served within 120 days, the court should either dismiss the claim without prejudice or order service occur within a specified time. FED. R. CIV. P. 4(m).

6

Rather than serving the defendant or its representative, Plaintiffs served Defendant's former attorney, who was not authorized to receive service. Indeed, the court explicitly ruled that the party Plaintiffs attempted to serve was not an authorized party. (D.I. 15 at n. 1; D.I. 16 at 2, 4, 6.) Plaintiffs neither attempted to serve the defendant again nor requested a time extension to properly serve the Defendant. As the Complaint was filed January 18, 2012, more than 120 days had passed, and after the court found that Plaintiffs had not properly served the Defendant, Plaintiffs did not make an effort to remedy the error. Their failure to even attempt to serve the Defendant again demonstrates a lack of diligence. *See Himmelreich*, 285 Fed. Appx at 7-8.

## V. CONCLUSION

For the reasons above, the court will grant US Bank's Motion to Dismiss.

Dated July 25, 2014

_____
UNITED STATES DISTRICT JUDGE